NO. 07-02-0234-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JUNE 20, 2003

_____

PHILLIP COOPER,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B13279-9901; HON. ED SELF, PRESIDING

_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]

Pending before the court is a motion for rehearing filed by Phillip Cooper (appellant). Attached to same is an exhibit titled "Stipulation on Time Credit and Waiver of Oral Argument" signed by both appellant's counsel and counsel for the State. Through it, the parties stipulate that "[a]ppellant is entitled to an additional 60 days of [jail] credit . . . ." Furthermore, we are asked to modify the trial court's judgment to credit appellant's sentence with that time.

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003).

Statute directs the trial court to "give the defendant credit on his sentence for the time that the defendant has spent in jail in said cause . . . from the time of his arrest and confinement until his sentenc[ing] . . . ." TEX. CODE CRIM. PROC. ANN. art. 42.03, §2(a) (Vernon Supp. 2003). Since both the State and appellant stipulate that appellant is entitled to an additional 60 days credit against his sentence and that credit was not awarded by the trial court, we grant the motion for rehearing and modify the trial court's judgment accordingly.

The judgment of the trial court is modified to reflect that appellant is entitled to 231 days credit against the sentence imposed by the trial court, that sentence being two years imprisonment in a state jail facility.[2] As modified, the judgment is again affirmed.


Brian Quinn
Justice

Do not publish.

---

[2]The trial court originally ordered that appellant be credited with 171 days. That period plus 60 days equals 231 days.

2